Henry SCHNITZSPAHN, Plaintiff,

v.

F.A.B., INC., Defendant.

No. 96–3128–V.

United States District Court,
W.D. Tennessee,
Western Division.

June 11, 1997.

William A. Cohn, The Cohn Law Firm, Cordova, TN, for Plaintiff.

Nicholas E. Bragorgos, Glassman Jeter Edwards & Wade, P.C., Memphis, TN, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

VESCOVO, United States Magistrate Judge.

This is a suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("the Act"). Plaintiff, Henry Schnitzspahn, alleges that the defendant, F.A.B., Inc., a debt collector, failed to give him certain notices and warnings required by the Act when it filed a lawsuit in the General Sessions Court of Shelby County, Tennessee.

Before the court are cross-motions for summary judgment. Both parties aver there are no genuine issues of material fact. Plaintiff relies on his own affidavit in support of his motion for summary judgment. In his memorandum in support of his motion for summary judgment, plaintiff references the fact that he has served interrogatories, requests for production of documents, and requests for admission on defendant, but pres-

ents no responses to his discovery requests in support of his motion.

In support of its motion, defendant relies on the affidavit of Eddie Black attached to its motion for summary judgment as Exhibit 1, plus a copy of a standard Debt Validation Notice sent by F.A.B., Inc. to Mr. Schnitzspahn, appended to the Black Affidavit as Exhibit A, and a standard letter recommending that suit be filed, appended to the Black Affidavit as Exhibit B. In addition, the court has relied on plaintiff's initial disclosures pursuant to Rule 26(a)(1) filed April 4, 1997.

Neither side has cited to any case law as authority for their respective positions. Nor has either side complied with Local Rule 11(d) which requires the parties to designate by serial numbering each material fact relied upon in support a motion for summary judgment and to affix to the motion for summary judgment, copies of the record relied upon as evidence. Due to the failure of the parties to comply with the local rule governing the filing of summary judgment motions, the court has had to glean the material facts from the record.

For the reasons stated herein, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

### FACTS

Plaintiff incurred an indebtedness at St. Francis Hospital in the amount of $583.59 which he failed to pay. Consequently, on May 3, 1995, St. Francis Hospital turned the account over to defendant for collection.

On May 4, 1995, defendant mailed a Debt Validation Notice to plaintiff at 7629 Dexter Hills Drive, Cordova, Tennessee. Sometime thereafter, St. Francis received a request from plaintiff for a copy of an itemized statement which was then sent to him. On May 31, 1995, St. Francis Hospital advised the defendant that the plaintiff had requested and had been sent a copy of his itemized statement (Aff. of Eddie Black, April 24, 1997.)

Defendant tried on several occasions to contact plaintiff but was unsuccessful. By July 17, 1995, no payment had been received by the defendant from plaintiff. Defendant therefore recommended to St. Francis Hospital, by letter, that a lawsuit be filed against the plaintiff to collect the indebtedness. A courtesy copy of the letter recommending the filing of a lawsuit was sent to plaintiff on July 17, 1995.

Thereafter on March 14, 1996, St. Francis Hospital filed a civil lawsuit against the plaintiff in the General Sessions Court of Shelby County, Tennessee, styled *St. Francis Hospital v. Henry J. Schnitzspahn,* bearing docket No. 632691. Valerie Futris Fisher, Esq., represented St. Francis in the lawsuit. The case was initially set for trial on April 15, 1996. It was continued and reset for May 13, 1996. Again, it was continued and this time reset for July 15, 1996, at which time the case was non-suited on the instruction of St. Francis Hospital. (Black Aff. ¶ 10.)

### STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c).

The movant for summary judgment has the initial burden of showing the absence of a triable issue of fact, which, if movant does not bear the burden of proof on the underlying issue, it satisfies by pointing out an absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to demonstrate, by affidavits or otherwise, specific facts showing the existence of a genuine issue for trial. Fed.R.Civ.Proc. 56(e). If non-movant does not meet this burden, summary judgment, "if appropriate," will be entered against the non-movant. *Id.* Any heightened burden of proof required for an element of the non-movant's case must be satisfied by the non-movant. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

When the movant bears the burden of proof on an issue, it must affirmatively show

that on all essential elements no reasonable factfinder could find for the non-moving party. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993).

Where the record taken as a whole could not lead a rational trier of fact to find for the non-movant on summary judgment, summary judgment should be granted. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 .L.Ed.2d 202 (1986).

Cross-motions for summary judgment do not guarantee entry of summary judgment for one of the movants. Each motion must be considered, and both may be denied. *See Shook v. United States,* 713 F.2d 662, 665 (11th Cir.1983).

### *ANALYSIS*

In the complaint, plaintiff charges that the defendant violated four separate provisions of the Fair Debt Collection Act: § 1692e(2)(A), § 1692e(5), § 1692g, and § 1692e(11).

█ The first provision that defendant is charged with violating forbids the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). At this point in the legal proceedings, the plaintiff has come forward with no evidence supporting its allegation that the defendant has misrepresented the character, amount, or legal status of any debt. Defendant, on the other hand, presents the affidavit testimony of Eddie Black, the President of F.A.B., Inc., who states under oath that a debt to St. Francis Hospital was incurred by the plaintiff in the amount of $583.59. (Black Aff. ¶ 2.) Plaintiff's initial disclosures pursuant to Rule 26(a)(1) filed April 4, 1997, reveal that on October 31, 1994, the balance owed by plaintiff to St. Francis Hospital was $1,033.59. On November 20, 1994, by check no. 0536, the plaintiff paid $450 to St. Francis, leaving a balance owed of $583.59. In the letter of May 28, 1996 from Mr. Cohn,

plaintiff's attorney, to Ms. Fisher, attorney for St. Francis, which letter is part of plaintiff's initial disclosures, plaintiff takes the position that the entire debt was discharged because of a provider discount allowed by St. Francis pursuant to a contract with Blue Cross but there is no proof that this was the case. Therefore, on the records before the court at this time, and in the absence of any stipulated facts to the contrary, the court concludes that the amount of the debt owed by plaintiff to St. Francis Hospital was $583.59, which is the amount defendant attempted to collect, and therefore there was no violation of § 1692e(2)(A). At best, there could have been a mistake on the part of St. Francis when it calculated the balance remaining due on plaintiff's account but the court is unable to make such a finding on the record before it.

█ The second provision defendant is charged with violating, § 1692e(5), prohibits a debt collector from threatening to take "any action that cannot legally be taken or that is not intended to be taken." Again, plaintiff has come forward with no evidence at this time to support its allegation that defendant threatened to take legal action that could not be taken or was not intended to be taken. The record before the court reveals only two contacts between plaintiff and defendant. The first contact, the Debt Validation Notice which was sent to plaintiff on May 5, 1995, contains no threat of any legal action. The second contact, the copy of the letter recommending the filing of a lawsuit, is just that—a recommendation that St. Francis file a lawsuit to collect a debt which St. Francis had the legal right to do if there was a balance owed to it. St. Francis obviously intended to file suit to collect the debt owed by plaintiff, and did so. Additionally, in compliance with § 1692e(11), (discussed below), the copy of the St. Francis letter that was sent to plaintiff included the requisite language: "This is an attempt to collect a debt. Any information will be used for that purpose." Having concluded that there was an amount owing to St. Francis at that time of $583.59, the court finds no violation of § 1692e(2)(A) from either contact of the plaintiff by the defendant.

■ The third provision which defendant is charged with violating, § 1692g, addresses the validation of debts. It requires the debt collector to provide the debtor a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that "unless a consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will assume to be valid by the debt collectors"; (4) a statement that "if the consumer notifies the debt collector in writing within thirty-day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification will be mailed to the consumer by the debt collector"; and (5) a statement that "upon the consumer's written request within a thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." The May 5, 1995, letter from F.A.B., Inc. includes each of these required items of information. Thus, the court finds that the defendant has complied with the requirements of § 1692g, and there is no violation of that provision as a matter of law.

■ Finally, plaintiff alleges that defendant failed to include certain warnings on subsequent communications with the plaintiff in violation of § 1692e(11). Specifically, plaintiff claims that the defendant filed a lawsuit in the General Sessions Court of Shelby County, Tennessee, without including language on the complaint notifying the plaintiff that this was an action by a debt collector to collect a debt and any information would be used against him.[1] Section 1692e(11) requires that a debt collector clearly disclose in all communications made to collect a debt "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." A copy of the civil warrant in the General Sessions lawsuit is appended to the Schnitzspahn Affidavit.

Undisputedly, the General Sessions civil warrant does not contain any of the required language of § 1692e(11) notifying the debtor that this is an attempt by debt collector to collect a debt and that any information obtained will be used for that purpose. The General Sessions lawsuit, however, was filed by St. Francis Hospital, not the defendant. St. Francis Hospital is named as the party plaintiff, not the defendant. In order for plaintiff to prevail on his motion for summary judgment, plaintiff must come forward with some evidence of defendant's involvement with the filing of the lawsuit.

Plaintiff argues that defendant F.A.B., Inc. acted in a representative capacity, as agent for St. Francis, in filing the General Sessions lawsuit and therefore is liable to plaintiff if any violations of the Act occurred. Plaintiff relies on his affidavit filed in support of the motion for summary judgment to establish agency and also relies on the complaint itself.

After reviewing both of these documents, the court finds that neither of these documents is sufficient to establish agency as a matter of law. The Schnitzspahn Affidavit merely states that Jim McDonald is an employee of the defendant as a collector, and "the complaint lists Jim McDonald as the contact named for payments." From these two facts, plaintiff expects the court to deduce, that, as a matter of law, defendant is an agent of St. Francis for purposes of filing the lawsuit. The court cannot draw such a conclusion from those two facts alone. The complaint itself adds nothing further to the analysis. The complaint merely contains an unsupported allegation that "the defendant participated in the filing of a lawsuit in General Sessions Court in Shelby county (sic), Tennessee, in Docket number 632691 as evidenced by Exhibit 1 attached hereto which evidences the defendant's representative Jim McDonald on the Complaint." (Amended Complaint ¶ 4.) In its answer to the amended complaint, defendant denies having filed a lawsuit in the General Sessions Court of Shelby County, Tennessee. (Answer to Amended Complaint ¶ 4.)

An essential, fundamental element of plaintiff's claim is that the defendant participated in some way, either as an agent or otherwise

---

**1.** The court notes that effective December 30, 1996, § 1692e(11) is no longer applicable to formal pleadings made in connection with legal actions. 15 U.S.C. § 1692e(11) as amended, Pub.L. 104–208. Title II, § 2305(a), Sept. 30, 1996.

in the filing of the General Sessions lawsuit. Plaintiff bears the burden of proof on the issue. The defendant, in its motion, has raised the absence of evidence of its involvement in the filing of the General Sessions lawsuit. Black affirmatively states in his affidavit that St. Francis made the decision to nonsuit the lawsuit, thus evidencing St. Francis's control over the litigation. Although defendant's form letter recommending suit, (Def.Mot.Sum.Judgment.Exh. B.), suggests that defendant, at times, serves as an agent for creditors in the filing of lawsuits, if the creditor so elects, there is no proof presented to the court at this time that St. Francis chose for the defendant to serve as its agent in this particular case.

Once a moving party has raised the absence of a triable issue, the burden is on the non-moving party to come forward with specific facts. "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.Proc. 56(e). Plaintiff has not come forward with St. Francis's election form designating defendant as its agent or any deposition or affidavit testimony to support its allegations of defendant's involvement and to rebut defendant's proof of lack of control over the lawsuit. Since plaintiff has presented insufficient proof to establish defendant's participation in the filing of the complaint, summary judgment in favor of plaintiff is precluded and summary judgment in favor of defendant is appropriate.

*Conclusion*

Plaintiff's motion for summary judgment is denied and defendant's cross motion for summary judgment is granted.

IT IS SO ORDERED.